IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| QI LING GUAN,<br><br>    Plaintiff,<br><br>    v.<br><br>BMW OF NORTH AMERICA, LLC,<br><br>    Defendant. | Case No. 20-cv-05025-MMC<br><br>**ORDER DENYING DEFENDANT'S MOTION TO COMPEL ARBITRATION AND STAY ALL PROCEEDINGS** |

    Before the Court is defendant BMW of North America, LLC's ("BMW") "Motion to Compel Arbitration and Stay All Proceedings," filed October 28, 2020.  Plaintiff Qi Ling Guan ("Guan") has filed opposition, to which BMW has replied.  Having considered the papers filed in support of and in opposition to the motion, the Court rules as follows.[1]

    On March 20, 2016, Guan purchased a new 2016 BMW vehicle from AutoWest BMW of Fremont (hereinafter, "the Dealer").  (See Def.'s Req. for Judicial Notice, filed July 24, 2020, Ex. A ("Purchase Agreement").)[2]  Guan alleges that her "experiences with the AUTOMOBILE have been marred by recurring—and potentially dangerous— significant system failures affecting the engine and electrical systems" (see Compl. ¶ 11), and that, despite a number of attempts to have the vehicle repaired (see id. ¶¶ 12-21, 24), the vehicle remains "potentially dangerous to operate" and is now "greatly reduced"

---

[1] By order filed January 11, 2021, the Court took the matter under submission.

[2] BMW's unopposed request that the Court take judicial notice of the Purchase Agreement is hereby GRANTED.  See Jurosky v. BMW of N. Am., LLC, No. 19cv706 JM (BGS), 441 F. Supp. 3d 963, 968 n.1 (S.D. Cal. 2020) (taking judicial notice of purchase agreement between plaintiff and dealership).

in "value and utility" (see id. ¶ 29).

Based on the above allegations, Guan asserts, pursuant to the Song-Beverly Consumer Warranty Act, see Cal. Civ. Code § 1790 et seq., four Causes of Action, titled, respectively, "Breach of Express Warranty," "Breach of Implied Warranty of Merchantability," "Failure to Promptly Make Restitution," and "Failure to Complete Repairs Within 30 Days."[3]

By the instant motion, BMW, a nonsignatory to the Purchase Agreement, seeks, pursuant to the "ARBITRATION PROVISION" ("Arbitration Provision") therein (see Purchase Agreement at 6),[4] an order compelling Guan to arbitrate her claims and staying the instant action pending resolution of such arbitration. In support thereof, BMW first argues that, pursuant to the Arbitration Provision, which provision neither party contends is invalid, the issue of whether Guan's claims are subject to arbitration must be resolved by an arbitrator. The Court is not persuaded.

The Supreme Court "has consistently held that parties may delegate threshold arbitrability questions to the arbitrator, so long as the parties' agreement does so by clear and unmistakable evidence." See Henry Schein, Inc. v. Archer & White Sales, Inc., 139 S. Ct. 524, 530 (2019) (internal quotation and citation omitted). Here, the Arbitration Provision, in relevant part, reads:

> Any claim or dispute, whether in contract, tort, statute or otherwise (including the interpretation and scope of this Arbitration Provision, and the arbitrability of the claim or dispute), between you and us or our employees, agents, successors or assigns, which arises out of or relates to your credit application, purchase or condition of this vehicle, this contract or any resulting transaction or relationship (including any such relationship with third parties who do not sign this contract) shall, at your or our election, be resolved by neutral, binding arbitration.

(See Purchase Agreement at 6 (emphasis added).) Given the Arbitration Provision's

---

[3] On July 24, 2020, the case was removed to federal court on the basis of diversity jurisdiction.

[4] The page numbers for the Purchase Agreement, as used herein, are those affixed to the top of each page by this district's electronic filing program.

2

1  language limiting its terms to claims or disputes between Guan and the Dealer or the
2  Dealer's "employees, agents, successors or assigns" (see id.), none of which BMW
3  purports to be, the provision lacks the requisite "clear and unmistakable evidence" that
4  Guan and BMW delegated to the arbitrator the threshold question of whether BMW is
5  entitled to enforce it.  See Kramer v. Toyota Motor Corp., 705 F.3d 1122, 1127 (9th Cir.
6  2013) (finding "arbitration agreements d[id] not contain clear and unmistakable evidence
7  that Plaintiffs and Toyota agreed to arbitrate arbitrability"; noting "terms of the arbitration
8  clauses [were] expressly limited to Plaintiffs and the Dealerships"); Jurosky, 441 F. Supp.
9  3d at 967-68 (finding, where arbitration clause covered claims between plaintiff and
10 dealer or "employees, agents, successors or assigns" of dealer, "the issue of whether the
11 instant dispute is arbitrable given BMW's status as a nonsignatory" was not for arbitrator).
12 The Court thus finds BMW cannot rely on the provision's language delegating the
13 question of arbitrability to the arbitrator.
14      Next, BMW argues that, even assuming the question is for the Court to decide,
15 and even though BMW is not a signatory to the Purchase Agreement, it nevertheless is
16 entitled to enforce the Arbitration Provision on the basis of equitable estoppel or, in the
17 alternative, as a third-party beneficiary.  As set forth below, the Court again is not
18 persuaded.
19      First, BMW's reliance on cases in which a vehicle manufacturer sought to enforce
20 an arbitration provision contained in a lease or purchase agreement to which it was not a
21 signatory is, as to a majority of those cases, misplaced, the language of the provisions
22 therein being different than the language of the provision under consideration here.
23 Specifically, in those cases, the right to compel arbitration was extended to the
24 "employees, officers, directors, affiliates, successors or assigns" of the signatory lessor or
25 dealer and those signatories' assignees, and the courts in those cases, in finding the
26 manufacturer could enforce such provisions, relied on the express inclusion of the term
27 "affiliates."  See, e.g., Tseng v. BMW of N. Am., LLC, No. 2:20-cv-00256-VAP-AFMx,
28 2020 WL 4032305, at *1, *3 (C.D. Cal. Apr. 15, 2020) (holding BMW could enforce

arbitration clause as third-party beneficiary; finding BMW "clearly qualifie[d]" as "affiliate" of BMW entity to which purchase agreement was assigned); Nassir v. BMW of N. Am., LLC, No. CV 19-7312-MWF (ASx), 2019 WL 8060073, at *2-4 (C.D. Cal. Nov. 26, 2019) (holding BMW could enforce arbitration clause as third-party beneficiary; noting parties did not dispute BMW was "affiliate" of BMW entity to which lease agreement was assigned).

Here, in contrast, the language of the Arbitration Provision extends the right to compel arbitration only to Guan, the Dealer, and the Dealer's "employees, agents, successors or assigns" (see Purchase Agreement at 6), and, as noted, BMW does not contend it falls within any of those expressly listed categories.[5]

To the extent the cases on which Guan relies considered arbitration provisions that are not distinguishable, the Court, while acknowledging there exists a split of authority as to whether a vehicle manufacturer can enforce such an arbitration provision on the basis of equitable estoppel or as a third-party beneficiary, finds more persuasive the reasoning of the decisions addressing essentially the same arguments raised here by BMW and finding the manufacturer cannot enforce the provision. See Jurosky, 441 F. Supp. 3d at 969-75 (denying motion to compel arbitration; holding manufacturer could not enforce arbitration provision on basis of equitable estoppel or as third-party beneficiary); see also Schulz v. BMW of N. Am., LLC, 472 F. Supp. 3d 632, 639-41 (N.D. Cal. 2020) (rejecting manufacturer's arguments that it could enforce arbitration provision on basis of equitable estoppel or as third-party beneficiary); Pestarino v. Ford Motor Co., No. 19-CV-07890-BLF, 2020 WL 3187370, at *3-4 (N.D. Cal. June 15, 2020) (holding manufacturer could not enforce arbitration provision on basis of equitable estoppel).

---

[5] Although as BMW points out, "[i]t is not necessary that the beneficiary be named or identified as an individual" (see Mot. at 14:5-6 (quoting Ronay Fam. Ltd. P'ship v. Tweed, 216 Cal. App. 4th 830, 838-39 (2013))), the case to which it cites is readily distinguishable, as the defendants were agents of a signatory to the agreement and the arbitration provision therein expressly covered "agents," see Ronay Fam. Ltd. P'ship, 216 Cal. App. 4th at 839.

4

Accordingly, the Court finds BMW has failed to show it is entitled to enforce the Arbitration Provision against Guan.

**CONCLUSION**

For the reasons stated above, the Motion to Compel Arbitration and Stay All Proceedings is hereby DENIED.

**IT IS SO ORDERED.**

Dated: January 15, 2021

MAXINE M. CHESNEY
United States District Judge